## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LELIA ROUNDCOUNT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 09-163-GPM** |
| | ) | |
| WYETH, INC. and its Divisions, WYETH | ) | |
| PHARMACEUTICALS, INC., and ESI | ) | |
| LEDERLE, PFIZER, INC., PHARMACIA & | ) | |
| UPJOHN COMPANY, L.L.C., | ) | |
| PHARMACIA & UPJOHN, L.L.C., | ) | |
| PHARMACIA CORPORATION, FOREST | ) | |
| LABORATORIES, INC., FOREST | ) | |
| PHARMACEUTICALS, INC., and JOHN | ) | |
| DOES 1-10, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed the allegations of federal subject matter jurisdiction asserted in the complaint filed on March 2, 2009 (Doc. 2). *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

This complaint contains a welter of allegations that have some bearing on the issue of subject matter jurisdiction, but taken as a whole, the allegations are not only insufficient, but confusing. For instance, a division of a corporation, unless itself a corporation, is not a proper party to a lawsuit.

Moreover, for jurisdictional purposes, a corporation has two citizenship identities, "any State by which it has been incorporated," and "the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Where a defendant has its "headquarters," where a defendant is licensed to do business, and corporate mergers have no bearing on the issue of federal subject matter jurisdiction.

In general, "it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). Roundcount shall start over and carefully identify those defendants who are intended to be such, and, in the case of a corporation, she shall correctly and succinctly identify the state of incorporation and the principal place of business. As to any limited liability company, the Court must know the citizenship of each of member, and, of course, if a member is a corporation, the same rules apply.[1]

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir.

---

[1] In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships and limited liability companies, are treated as citizens of every state of which any partner or member is a citizen. *Id.* at 316-17.

2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction).  "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 199). Accordingly, pursuant to 28 U.S.C. § 1653, Roundcount shall file, on or before **April 17, 2009**, an amended complaint that properly invokes this Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of federal subject matter jurisdiction.

Since an amended complaint is required, the drafter should take a look at Federal Rule of Civil Procedure 8(a)(2) and the Appendix Of Forms, particularly Form 11.

**IT IS SO ORDERED.**

DATED: 3/19/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge